1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| JUAN FRANCISCO PICOS BARRUETA, Inmate #2793, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA; DEA; FBI; IMMIGRATION AND NATURALIZATION ICE; DAMASCO LOPEZ NUNEZ; DAMASCO LOPEZ SERRANO; IVAN ARCHIBALDO GUZMAN ZALASAR, <br><br> Defendants. | Case No.:  25-CV-581 JLS (AHG) <br><br> **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CIVIL ACTION FOR FAILURE TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND TO COMPLY WITH CIVIL LOCAL RULE 5.1(a)** <br><br> (ECF No. 2) |

        Juan Francisco Picos Barrueta, a Mexican prisoner proceeding pro se, has filed a
civil rights complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named
Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  ECF No. 1 ("Compl.").
Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he
filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).
ECF No. 2 ("IFP Mot.").  Because Plaintiff has failed to attach a certified copy of his prison
trust account statement for the 6-month period preceding the filing of his Complaint and

1

his pleading is entirely in Spanish, the Court **DENIES** his Motion to Proceed IFP and **DISMISSES** this civil action pursuant to 28 U.S.C. § 1914(a) and S.D. Cal. Civil Local Rule 5.1(a).

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  Using this financial information, the court "assess[es] and when funds exist, collect[s], . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)).  In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing fee upfront, they remain obligated to pay the full amount due in monthly payments.  *See Bruce*

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

*v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1)–(2).

Here, Plaintiff's Motion to Proceed IFP is incomplete because he has not attached a certified copy of a Cefereso No. 8 North-Poniente prisoner trust fund account certificate for the 6-month period immediately preceding the filing of his Complaint.[2]  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2.  Without these certified trust account statements, the Court is unable to calculate and assess whether any initial partial filing fee may be required to initiate the prosecution of Plaintiff's case.  *See* 28 U.S.C. § 1915(b)(1).  Therefore, Plaintiff's Motion to Proceed IFP is **DENIED**.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the Court is also required to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2), (h); 1915A(a)–(c).  Under these statutes, the Court must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (citing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] Plaintiff admits he is incarcerated in a Mexican prison in Sinaloa; therefore, he qualifies as a "prisoner" under 28 U.S.C. § 1915(h) and is subject to the financial reporting, full statutory filing fee collection, and *sua sponte* screening required by 28 U.S.C. §§ 1915(b), (e)(2) and 1915A.  *See* IFP Mot. at 1.

(*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Here, while Plaintiff used the Court's approved fill-in-the-blank form for filing a civil action invoking federal question jurisdiction pursuant to *Bivens*, his Complaint is written entirely in Spanish. Civil Local Rule 5.1 provides, in part, that "[e]ach document filed, including exhibits where practicable, must be in English." S.D. Cal. CivLR 5.1(a). Because Plaintiff's Complaint, including all factual allegations and presumed bases for relief, is pleaded only in Spanish, and he is not entitled to a court-appointed interpreter in this civil action even if he were granted leave to proceed IFP, *see Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989) (noting that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress") (*citing United States v. MacCollom,* 426 U.S. 317, 321 (1976)); *Gonzalez v. Bopari*, No. 1:12-cv-01053-LJO-GBC (PC), 2012 WL 6569776, at *2 (E.D. Cal. Dec. 17, 2012) (denying pro se inmate's motion for court appointed interpreter because there is no statutory authority to appoint an interpreter in civil cases); *Ali v. Gerry*, No. 12-cv-185-JL, 2012 WL 4848889, at *2 (D. N.H. Oct. 10, 2012) ("There is no constitutional right to free interpreter services in federal civil cases."), the Court is unable to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

Thus, the Court **DISMISSES** Plaintiff's Complaint as currently presented without prejudice pursuant to Civil Local Rules 5.1(a) and 83.1(a) (authorizing "dismissal of any action[]" for "[f]ailure of counsel, or of any party, to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court"). *See also Washington v. Kijakazi,* 72 F.4th 1029, 1040 (9th Cir. 2023) (quoting *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) (although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure")). "Failure to follow a district court's

local rules is a proper ground for dismissal." *Ghazali*, 46 F.3d at 53; *see also Carter v. C.I.R.*, 784 F.2d 1006, 1008–09 (9th Cir. 1986) (explaining that even a pro se litigant is "expected to abide by the rules of the court in which he litigates"); *cf. Schutza v. Cuddeback,* 262 F. Supp. 3d 1025, 1027 n.1 (S.D. Cal. 2017) (noting court's discretion to grant the defendants' motion to dismiss based on the plaintiff's failure to file an opposition as required by S.D. Cal. CivLR 7.1(f)(3)(c) ("If an opposing party fails to file the papers in the manner required by [the Local Rules], that failure may constitute a consent to the granting of a motion or other request for ruling by the court.")).

## CONCLUSION

For all the reasons discussed, the Court:

1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2)    **DISMISSES** this civil action without prejudice for failure to pay the full statutory and administrative $405 civil filing fee required by 28 U.S.C. § 1914(a) and for failure to comply with S.D. Cal. Civil Local Rule 5.1(a); and

3)    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open the case by: (a) paying the full $405 filing fee in full *or* submitting a renewed motion to proceed IFP that complies with 28 U.S.C. § 1915, *and* (b) submitting an amended complaint in English in accordance with S.D. Cal. CivLR 5.1(a). Should Plaintiff fail to fully comply within the time provided, this case will remain closed without further action by the Court.

**IT IS SO ORDERED**.

Dated: May 21, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge